Ashcraft v. Huff.

ELIZA ASHCRAFT, APPELLEE, V. LILLIE DELLA HUFF ET AL., APPELLANTS.

FILED JULY 1, 1925. NO. 24444.

Evidence examined, and *held* sufficient to sustain the judgment.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*E. C. Hodder,* for appellants.

*Baker & Ready, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD and EVANS, JJ., and REDICK, District Judge.

MORRISSEY, C. J.

This is a suit in equity to cancel a written contract entered into between the parties to this litigation, April 14, 1920, under which plaintiff delivered to defendants $2,-141.60, substantially all the property which she possessed, and defendants agreed to thereafter provide plaintiff with a home and pay her funeral expenses after her death. The contract contains other provisions which appear to be inconsistent with the main provision, but they are not material to the disposition of this case. At the time of entering into

the contract, plaintiff was 70 years of age. Defendant Lillie Della Huff was her niece and defendant Edward O. Huff was the husband of Lillie Della Huff. Plaintiff was then living at the Old People's Home and paying $1 a day for her maintenance. Although advanced in years, she was employed the greater part of the time in different homes in the city of Omaha as a nurse, or governess, for the children in the homes where she was employed. Immediately upon making the contract in suit, plaintiff established her residence in the home of defendants and continued to live therein as a member of the family until November 30, 1923, but throughout this period she continued to follow her former occupation. Although this employment was irregular, she was so occupied approximately three-fourths of the time. During the two years immediately following the making of the contract, the parties lived amicably together, but thereafter, until the bringing of this suit, there was much discord and unpleasantness.

Plaintiff alleges that defendants breached the contract. Defendants deny the charge. The trial court found generally in favor of plaintiff; found that the reasonable value of the services rendered by defendants to plaintiff during the life of the contract was $600, and, after calculating interest, etc., entered a decree in favor of plaintiff for $1,691.40 and costs. From the judgment thus entered defendants appeal.

Questions of fact only are presented by the appeal. We have made an extended examination of the evidence, but to set it out in detail would serve no useful purpose. From plaintiff's point of view, she was grossly mistreated, while defendants look upon themselves as the injured parties. A dispassionate examination of the evidence, *pro* and *con*, leads to the conclusion that for the most part the irritations and difficulties that arose may be charged to the frailties of human nature. It is doubtful if the parties to the contract ever construed it in the same sense, or appreciated the obligations assumed. During the latter part of plaintiff's residence with defendants, her health was not good.

While defendants may have acted in good faith, yet, from a consideration of all the evidence, the trial court was warranted in finding, as it did, that, "the conduct of said defendants and that of other members of their family has been such as to cause discomfort to plaintiff, and that such conduct was, under all the circumstances of the case, unjustified and unwarranted; that a continuation of the contractual relationship between plaintiff and defendants would be impracticable, and that the same should be dissolved."'

In support of this finding, we may say that the testimony of a reputable, disinterested witness is to the effect that, while plaintiff was still in the home of defendants, one of the defendants expressed regret that plaintiff had ever been permitted to become a member of the home and expressed a disinclination to have her continue therein. From a consideration of all the evidence, we have reached the conclusion that the court's findings, and each of them, are proper, and the judgment entered is

AFFIRMED.